IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND THOMAS LOYD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-01985 (JR) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant, the Federal Bureau of Investigation (FBI), an agency of the United States of America, by its undersigned attorneys, answers Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

The Defendant asserts the following defenses and reserves the right to add additional defenses as they become apparent:

**First Affirmative Defense**

The motor vehicle collision which occurred on January 18, 2005, was not the direct and proximate cause of Plaintiff's alleged injuries.

**Second Affirmative Defense**

Plaintiff seeks damages for injuries that were pre-existing and not proximately caused by the the motor vehicle collision which occurred on January 18, 2005.

### Third Affirmative Defense

Plaintiff is barred from seeking damages for property damage to his vehicle since Defendant has already settled a subrogation claim with Plaintiff's insurer.

### Fourth Affirmative Defense

Plaintiff is barred from seeking lost wages since they were not claimed in the sum certain in Plaintiff's administrative claim delivered to the FBI on January 9, 2007.

### Fifth Affirmative Defense

Plaintiff seeks damages that are excessive and unreasonable.

### Specific Responses

1  Paragraph one contains Plaintiff's characterization of his Complaint to which no answer is required. To the extent that an answer may later be deemed required, Defendant admits that this Court has jurisdiction of claims arising under the Federal Tort Claims Act by virtue of Title 28 United States Code (U.S.C.), ¶1346(b).

2.  Defendant is without sufficient knowledge or information to admit or deny the allegations contained in the first sentence of the second paragraph. Defendant admits the second sentence of the second paragraph.

3.  The third paragraph contains Plaintiff's characterization as to jurisdiction to which no answer is required. To the extent that an answer may later be deemed required, Defendant United States admits that this Court has jurisdiction of claims arising under the Federal Tort Claims Act by virtue of Title 28 U.S.C., ¶¶1346(b), 2671-2680 and has original jurisdiction of civil actions arising under the laws of the United States.

4. In the fourth paragraph, Defendant admits that on January 9, 2007, Plaintiff delivered a Standard Form 95 (SF-95) administrative claim dated January 5, 2007 via a courier to the Federal Bureau of Investigation, Washington Field Office 601 4th Street, NW Washington, D.C. setting forth Plaintiff's claim for damages in the amount of $752,000.00. Defendant admits that the administrative claim was presented within two years of the claimed motor vehicle collision.

5. Defendant admits the allegations in paragraph five.

6. The allegations in paragraph 6 contain Plaintiff's legal conclusions regarding jurisdiction and venue to which no answer is required.

7. For the seventh paragraph, Defendant admits that on January 18, 2005, FBI Special Agent Leslie Martell was operating a motor vehicle on Constitution Avenue, NW, Washington, D.C. when she struck the rear of a stopped vehicle operated by the Plaintiff. Defendant admits that at the time of the incident, Special Agent Martell was acting within the scope of her employment as an employee of the United States Government. Defendant further admits that the vehicle operated by Special Agent Martell is owned by the Defendant.

8. The allegations in paragraph eight contain Plaintiff's legal conclusions concerning liability to which no answer is required. To the extent that an answer may be deemed required, the allegations are denied.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph nine.

10. The Complaint's final paragraph contains Plaintiff's prayer for relief to which no responses are required. To the extent an answer may later be deemed required, they are denied.

**CONCLUSION**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this civil action be dismissed with prejudice**.**

Dated: February 26, 2008

                Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555- 4th Street, NW
Washington, D.C.  20530
(202) 307-6078